UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

William Raymond Sweeney, Jr.,

                Petitioner,    Case No. 19-cv-13031

v.

                                Judith E. Levy
                                United States District Judge

Michigan Parole Board,[1]

                Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS [1], DENYING CERTIFICATE OF APPEALABILITY, AND GRANTING PERMISSION TO APPEAL IN FORMA PAUPERIS**

Petitioner William Raymond Sweeney, Jr. was convicted of three counts of second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c(1)(a). He seeks habeas corpus relief under 28 U.S.C. § 2254 on

---

[1] The Michigan Parole Board is substituted for John Christiansen as the Respondent. The proper respondent in a habeas case is the state officer having custody of the petitioner. *See* Rule 2, Rules Governing Section 2254 Cases. When a petitioner is not in physical custody, the proper respondent is "the entity or person who exercises legal control with respect to the challenged 'custody.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 438 (2004) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973)). In the case of a paroled habeas petitioner, the Michigan Parole Board exercises this control and is the proper respondent. *See Belser v. Michigan Parole Bd.*, No. 06-10714, 2006 WL 986956, at *1 (E.D. Mich. Apr. 12, 2006).

the ground that he was denied his right to a fair trial when the prosecutor improperly vouched for the victim's credibility.

Because the Michigan Court of Appeals' decision denying this claim was not contrary to or an unreasonable application of Supreme Court law, the petition for habeas corpus is denied. The Court also denies a certificate of appealability and grants Sweeney leave to proceed *in forma pauperis* on appeal.

## I. Background

Petitioner was charged in Wayne County Circuit Court with three counts of second-degree criminal sexual conduct. The Michigan Court of appeals summarized the evidence presented at trial as follows:

> This case arises out of defendant's commission of multiple sexual assaults against the victim, his non-biological granddaughter, between 2013 through 2015. The victim was between the ages of 7 and 10 when the sexual assaults occurred. She would visit and stay overnight at a home defendant shared with the biological grandmother. Defendant sexually assaulted the victim on at least 20 separate occasions during that time when the victim stayed the night at the home.

*People v. Sweeney*, No. 339500, 2019 WL 846102, at *1 (Mich. Ct. App. Feb. 21, 2019).

A jury found Sweeney guilty of all charges and, on May 15, 2017, he was sentenced to concurrent sentences of four to fifteen years for each conviction. *Id.*

Sweeney filed an appeal of right in the Michigan Court of Appeals arguing that he was denied a fair trial when the prosecutor vouched for the victim's credibility. *Id.* The Michigan Court of Appeals affirmed Sweeney's convictions and sentences. *Id.* The Michigan Supreme Court denied leave to appeal. *People v. Sweeney*, 504 Mich. 903 (Mich. July 2, 2019).

Sweeney then filed this habeas corpus petition. (ECF No. 1.) He raises the same prosecutorial misconduct claim raised in state court.

## II. Legal Standard

A § 2254 habeas petition is governed by the heightened standard of review set forth in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. To obtain relief, habeas petitioners who raise claims previously adjudicated by state courts must "show that the relevant state-court 'decision' (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law,' or (2) 'was based on an unreasonable determination of the facts in light of the

3

evidence presented in the State court proceedings.'" *Wilson v. Sellers*, 138 S. Ct. 1188, 1191 (2018) (quoting 28 U.S.C. § 2254(d)). The focus of this standard "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "AEDPA thus imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations and quotation marks omitted). Ultimately, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Additionally, a state court's factual determinations are presumed correct on federal habeas review, 28 U.S.C. § 2254(e)(1), and review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III. Discussion

Sweeney maintains that the prosecutor denied him a fair trial by vouching for the victim's credibility during closing argument.[2] Specifically, he challenges the following portion of closing argument:

> This little girl has no reason to lie, has [no] reason to make this story up … She has no reason, and no reason has been put forth for her to make this up.

(ECF No. 9-8, PageID.53–54.)

Because defense counsel failed to lodge a contemporaneous objection during trial, the Michigan Court of Appeals reviewed this prosecutorial misconduct claim under a plain-error standard. *Id.* AEDPA's deferential standard of review applies to a state court's plain-error analysis of a defaulted claim. *Stewart v. Trierweiler*, 867 F.3d 633, 638 (6th Cir. 2017). The Michigan Court of Appeals held that the prosecutor's comments fell within the range of proper argument:

> The prosecutor did not improperly vouch for the victim's credibility. The prosecutor did not assert that she had any specialized knowledge about the victim's credibility. The prosecutor merely asserted that the victim had no reason or motive to lie about defendant's multiple sexual assaults against her. The prosecutor argued that the victim lacked the

---

[2] Respondent argues that this claim is procedurally defaulted. The Court finds it more efficient to proceed directly to the merits of the claim rather than evaluate whether the claim is procedurally defaulted. *See Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003).

5

motivation to lie about the sexual assaults because the victim's disclosure about the sexual assaults would mean that she would no longer be able to see defendant—the victim's nonbiological grandfather—or receive gifts from defendant. Further, defense counsel, throughout the course of the trial, attempted to impeach the victim's credibility by pointing out inconsistencies between the victim's earlier interview with Kids-TALK and the victim's trial testimony. In fact, defense counsel questioned the victim's veracity by asking whether she understood what it meant to tell the truth. Therefore, the prosecutor was not vouching for the victim's credibility; instead, the prosecutor was responding to defense counsel's attempt to impeach the victim's credibility. Thus, no plain error occurred.

Additionally, even if these statements constituted improper vouching, the trial court's jury instruction sufficiently cured any potential prejudice that defendant may have incurred as a result of the prosecutor's statements. *See People v. Thomas*, 260 Mich. App. 450, 453–455; 678 N.W.2d 631 (2004). Specifically, the trial court instructed the jury that "[t]he lawyers' statements and arguments and any commentary are not evidence. They are only meant to help you understand the evidence and each side's legal theories." The trial court further instructed the jurors that they alone must decide the credibility of each witness. Thus, the trial court's jury instruction cured any potential prejudice to defendant caused by the prosecutor's statements.

*Sweeney*, 2019 WL 846102, at *2.

Under *Darden v. Wainwright,* 477 U.S. 168 (1986), a prosecutor's improper comments violate a criminal defendant's constitutional rights

6

if they "'so infect[ ] the trial with unfairness as to make the resulting conviction a denial of due process.'" *Id.* at 181 (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). Prosecutorial misconduct entails much more than conduct that is "undesirable or even universally condemned." *Id.* at 181 (internal quotation omitted). To constitute a due process violation, the conduct must have been "so egregious so as to render the entire trial fundamentally unfair." *Byrd v. Collins*, 209 F.3d 486, 529 (6th Cir. 2000) (citations omitted).

The *Darden* standard "is a very general one, leaving courts 'more leeway ... in reaching outcomes in case-by-case determinations.'" *Parker v. Matthews*, 567 U.S. 37, 48 (2012) (alteration in original) (quotation omitted). "That leeway increases in assessing a state court's ruling under AEDPA," as this court "'cannot set aside a state court's conclusion on a federal prosecutorial-misconduct claim unless a petitioner cites ... other Supreme Court precedent that shows the state court's determination in a particular factual context was unreasonable.'" *Stewart v. Trierweiler*, 867 F.3d 633, 638–39 (6th Cir. 2017) (quoting *Trimble v. Bobby*, 804 F.3d 767, 783 (6th Cir. 2015)).

7

"'Improper vouching occurs when a prosecutor supports the credibility of a witness by indicating a personal belief in the witness's credibility thereby placing the prestige of the [government] behind that witness.'" *Johnson v. Bell*, 525 F.3d 466, 482 (6th Cir. 2008) (quoting *United States v. Francis*, 170 F.3d 546, 550 (6th Cir. 1999)). "Generally, improper vouching involves either blunt comments or comments that imply that the prosecutor has special knowledge of facts not in front of the jury or of the credibility and truthfulness of witnesses and their testimony." *Francis*, 170 F.3d at 550 (internal citations omitted). But a prosecutor is free to explore a witness's motive for testifying. *See Rector v. Wolfe*, 499 F. App'x 532, 536 (6th Cir. 2012).

Here, the prosecutor did not improperly vouch for the victim's credibility. The prosecutor did not make "blunt comments" or imply that she had "special knowledge of facts not in front of the jury." *See Francis,* 170 F.3d at 550. Rather, she explored the victim's possible motives for testifying in the context of the evidence presented. These statements did not amount to improper vouching. *See Cristini v. McKee*, 526 F.3d 888, 901 (6th Cir. 2008) ("Prosecutors can argue the record, highlight any

8

inconsistencies or inadequacies of the defense, and forcefully assert reasonable inferences from the evidence.").

The prosecutor's argument did not "so infect[ ] the trial with unfairness as to make the resulting conviction a denial of due process." *Darden*, 477 U.S. at 181. The state appellate court's holding that no reversible prosecutorial misconduct occurred was not contrary to, or an unreasonable application of, Supreme Court precedent. Sweeney is not entitled to habeas relief.

## V. Certificate of Appealability

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (2003) (internal quotes and citations omitted).

Reasonable jurists would not find the Court's assessment of Sweeney's claim to be debatable or wrong. The Court therefore declines to issue a certificate of appealability.

The Court grants Sweeney leave to appeal *in forma pauperis* because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

## VI. Order

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus and a certificate of appealability are **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Petitioner may proceed on appeal *in forma pauperis*.

IT IS SO ORDERED.

Dated: February 16, 2023     s/Judith E. Levy
    Ann Arbor, Michigan     JUDITH E. LEVY
                                                United States District Judge

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 16, 2023.

                                                s/William Barkholz
                                                WILLIAM BARKHOLZ
                                                Case Manager